Alfredo **VARGAS–HERNANDEZ**; et al., Petitioners,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–71609.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 3, 2006.

Alfredo Vargas-Hernandez, Ontario, CA, pro se.

Reyna Robles-Carranza, Ontrio, CA, pro se.

CAC-District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, Kurt B. Larson, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Alfredo Vargas–Hernandez and Reyna Robles–Carranza, husband and wife and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings and reconsider its previous decision denying their application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's determination that the new facts in petitioners' motion to reopen would not alter its prior discretionary determination that they failed to establish the requisite hardship. *See Fernandez v. Gonzales,* 439 F.3d 592, 600 (9th Cir.2006) (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether the new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (Internal quotations omitted).

Petitioners' contention that the agency deprived them of due process by misapplying the law to the facts of their case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute

colorable constitutional claims that would invoke our jurisdiction.")

The BIA was within its discretion in denying petitioners' motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision affirming the immigration judge's ("IJ") order denying cancellation of removal. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

We lack jurisdiction to review the BIA's underlying order dismissing petitioners' direct appeal from the IJ's decision because the instant petition for review is not timely as to that order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

